THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Mary G. Pryor, SBN 016709 (mpryor@cavanaghlaw.com)
Official Email for minute entries:  edocket@cavanaghlaw.com
*Attorneys for Defendants Johnson & Johnson and Ethicon, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| Janet L. White and James S. White, wife and husband;<br><br>                                                Plaintiffs,<br><br>v.<br><br>Johnson & Johnson; Ethicon, Inc.; and Ethicon, LLC,<br><br>                                                Defendants. | **CASE NO. 2:13-CV-02387-NVW**<br><br>**(Removed from Maricopa County Superior Court, Case No. CV2013-014541)**<br><br>**JOINT MOTION FOR STAY PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

The parties, through counsel undersigned, hereby jointly move this Court for a stay of all proceedings in this action pending its anticipated transfer to *In re Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation*, MDL No. 2327, the multidistrict litigation ("MDL") proceeding that has been established in the Southern District of West Virginia to coordinate all federal product liability actions involving Ethicon, Inc. pelvic mesh products.  *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2012 WL

432533 (J.P.M.L. Feb. 7, 2012).  A stay is proper here in the interests of judicial economy and to avoid inconsistent rulings and other potential prejudice to any of the parties.

This case was filed on October 22, 2013 in the Superior Court of the State of Arizona in and for the County of Maricopa, and is a product liability matter in which Plaintiffs allege that Janet L. White was injured after she was implanted with transvaginal mesh to treat stress urinary incontinence.  (Complaint ¶¶ 48-51.)  Plaintiffs allege claims against Defendants for negligence, breach of express and implied warranty, failure to warn, strict products liability-design defect, consumer fraud, negligent misrepresentation and intentional misrepresentation.  (Complaint ¶¶ 70-131.)  On November 20, 2013, Defendants Johnson & Johnson and Ethicon, Inc. (collectively, "Defendants") timely removed this action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.

Title 28 U.S.C. Section 1407(a) authorizes transfer to a coordinated or consolidated pretrial proceeding where "civil actions involving one or more common questions of fact are pending in different districts."  Pursuant to this authority, on February 7, 2012, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "JPML") issued a Transfer Order centralizing in the United States District Court for the Southern District of West Virginia all federal product liability actions involving Ethicon, Inc. pelvic mesh products in MDL No. 2327, before the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.  *In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012).  There are many thousands of cases now pending in the Ethicon MDL, including cases originating in Arizona district courts.  *See, e.g., Victoria Mortimer v. Johnson & Johnson et al.*, No. 2:13-cv-00223-DGC, which is now part of MDL No. 2327.  This action falls within the scope of the

Panel's transfer order, thereby warranting coordinated pretrial proceedings before Judge Goodwin.

Pursuant to Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), Defendants will be providing notice to the JPML of the pendency of this "tag-along" action. Accordingly, the parties anticipate that this action will be transferred to the Ethicon MDL before Judge Goodwin shortly.

A federal court's authority to stay proceedings is well-established. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). *See also Soto v. Merck & Co.*, 2006 U.S. Dist. LEXIS 82732 (D. Ariz. Nov. 9, 2006) at *1 ("The decision whether to grant a stay is within the inherent power of the Court and is discretionary.")

Notably, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). *See also, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation").

A stay serves the primary purposes of consolidation, which are "to eliminate duplicative discovery[,] prevent inconsistent pretrial rulings . . . conserve the resources of the parties, their counsel, and the judiciary" and avoid conflicting scheduling requirements. *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001).

Where, as here, the MDL Panel has coordinated Ethicon pelvic mesh product liability actions before Judge Goodwin and a conditional transfer order has already been issued in this action, a stay of proceedings until the MDL Panel rules on the conditional transfer order will promote judicial economy and will prevent any potential prejudice to the parties. *See id.*[1] Thus, for all of the foregoing reasons, the parties jointly request this Court to stay all proceedings in this case pending a ruling on the anticipated transfer of this matter to MDL No. 2327, currently pending before the Honorable Joseph R. Goodwin in the Southern District of West Virginia.

---

[1] *See also, e.g., Palmer v. Am. Honda Motor Co.*, 2008 U.S. Dist. LEXIS 112707 at *2 (D. Ariz. Jan. 3, 2008) ("The Court concludes that this matter should be stayed pending a decision on MDL transfer. A stay will conserve judicial resources by avoiding duplicative litigation in the four districts now considering similar actions."); *Rivers*, 980 F. Supp. at 1360-61 ("[A]ny efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . . ."); *Hardin v. Merck & Co., Inc.*, No. C 07-0070 SBA, 2007 WL 1056790, 3 (N.D. Cal. April 5, 2007) ("[T]he policy of consistent rulings favors allowing [the MDL] court to decide the remand issue. . . . To do otherwise invites divergent results on identical law and facts."); *Gonzales v. Lucille Packard Children's Hosp.*, No. C 09-5539 JF, 2010 WL 1263714, 2 (N.D. Cal. March 29, 2010) ("[B]ecause the same jurisdictional issues present here have arisen in other cases transferred to the MDL proceeding and are likely to be addressed uniformly by the MDL Panel, issuance of a stay satisfies the Court's interest in 'avoiding duplicative litigation.'"); *Michael v. Warner-Lambert Co.*, No. 03cv1978 DMS (RBB), 2003 U.S. Dist. LEXIS 21525, at *4 (S.D. Cal. Nov. 20, 2003) ("The general rule is for a federal court to defer ruling on pending motions to remand in MDL litigation until after the JPMDL [Judicial Panel on Multidistrict Litigation] has transferred" the case to the MDL court.); *Wilbanks v. Merck & Co., Inc.*, No. 05-1241-T/AN, 2005 WL 2234071, at *2 (W.D. Tenn. Sept. 13, 2005) (granting a stay and holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant"); *Gorea*, 2005 WL 2373440, at *1 ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

RESPECTFULLY SUBMITTED this 22nd day of November, 2013.

THE CAVANAGH LAW FIRM, P.A.


By: __/s/ *Mary G. Pryor*_____
    Mary G. Pryor
    *Attorneys for Defendants Johnson & Johnson and Ethicon, Inc.*


HISLOP LAW GROUP


By: __/s/ *Terry Hislop – signed with permission*__
    Terence J. Hislop
    *Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice by Electronic Filing to the following CM/ECF registrants; non-conformed copies are being emailed to all counsel of record this same date; for service recipients indicated with an asterisk (*), conformed copies of the electronic filing shall be mailed or hand delivered no later than the following business day, pursuant to the District of Arizona Electronic Case Filing Administrative Policies and Procedure Manual, § II(D)(3).

Honorable Neil V. Wake*
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ  85003

1  Copy of the foregoing emailed & mailed
2  this 22nd day of November, 2013, to:

3  Terence J. Hislop, Esq.
   Biltmore Office Plaza
4  2942 N. 24th Street, Ste. 114
5  Phoenix, AZ 85016
   thislop@hisloplawgroup.com
6  *Attorneys for Plaintiffs*

7

8  Courtesy copies also emailed this 22nd
   day of November, 2013, to:
9

10 Seth L. Wilson, Esq.
   Butler Snow, LLP
11 150 Third Avenue South, Ste. 1600
   Nashville, TN 37201
12 seth.wilson@butlersnow.com
   leeann.nealey@butlersnow.com
13 john.henegan@butlersnow.com
14 susanna.moldoveanue@butlersnow.com
   *National counsel for Defendants*
15 *Johnson & Johnson and Ethicon, Inc.*

16

17

18
       /s/ Lisa M. Podsiadlik
19

20

21

22

23

24

25

26

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000